IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CODY EMMANUEL GARDNER                                                                          PLAINTIFF

v.                          Civil No. 5:24-cv-05136-TLB-CDC

DETECTIVE BAILEY, Fayetteville
Police Department; and Claudia Doe                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Cody Emmanuel Gardner ("Gardner") pursuant to 42 U.S.C. § 1983. Gardner contends his constitutional rights were violated when he was wrongfully arrested and charged with criminal offenses arising out of his having done a favor for Defendant Doe on April 14, 2024.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I.  BACKGROUND

On April 14, 2024, Gardner was attending a house party where he was introduced to Defendant Doe who was a social media influencer. (ECF No. 1 at 4). Gardner was planning on starting his own pod cast. *Id.* The two exchanged their personal information and engaged in

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

conversation for approximately forty-minutes. *Id.* Gardner says he was recording the party to download to his media feed to the public for review and ratings. *Id.* at 4-5.

After Gardner finished recording, a friend, Ladarius Warren ("Warren") informed him the police were outside in connection with a theft. (ECF No. 1 at 5). The two began saying goodnight to friends and were going to head to Gardner's truck. *Id.* Defendant Doe approached and asked if she could have a ride home. *Id.* The three went to the truck. *Id.* Gardner drove, Warren was in the front passenger seat, and Defendant Doe in the back seat. *Id.* Gardner asked for Defendant Doe's address and she simply responded: University of Arkansas. *Id.* Gardner says she did not recall her exact address which struck him as odd but he brushed it off. *Id.* at 7.

About this time, Gardner realized his cell phone was dead. (ECF No. 1 at 5). Gardner then suggested they stop at Warren's place, which was only ten minutes away, to charge their phones. *Id.* at 7. Defendant Doe agreed. *Id.* When they arrived at Warren's place, Gardner told Defendant Doe she could take a seat by the television and he went upstairs to use the restroom. *Id.* When he returned, Defendant Doe was asked Gardner to take her to Taco Bell while her phone charged and then take her home afterwards. *Id.* Gardner refused. *Id.* Gardner indicates Defendant Doe started talking about a friend of hers who had been raped at a party. *Id.* She also indicated she did not like guns. *Id.* Gardner removed his handgun that had been on the fireplace and put it in a bedroom at the back of the apartment. *Id.* To diffuse her anxiety, Gardner asked Defendant Doe to step out of the apartment. *Id.*

When Warren went outside, he allegedly heard Defendant Doe speaking on her phone and telling a friend that Gardner had asked her for money and sex. (ECF No. 1 at 7). Gardner says Defendant Doe did not look up her address or call the police. *Id.* When Defendant Doe tried to

re-enter the apartment, Warren, and Gardner, both African American, while Defendant Doe Caucasian, decided under the circumstances it was best if they spoke with her outside. *Id.* Warren obtained the phone number for Defendant Doe's friend and sent her a text with their address so she could come and pick up Defendant Doe. *Id.*

A week later, Warren was called and asked to come to the police station to answer some questions. (ECF No. 1 at 8). Warren refused. Sometime later, when the two were at Warren's apartment, Gardner noticed the police inspecting his truck. *Id.* When he went outside to inquire, Gardner was arrested pursuant to a warrant. *Id.* He was transported to the Washington County Detention Center where he remains incarcerated. *Id.*

As relief, Gardner seeks compensatory and punitive damages. (ECF No. 1 at 11). He asks that a lien be placed against the Defendants' real and personal property including bank accounts, pensions, and life insurance policies. *Id.* Finally, Gardner seeks return of all his property seized including his truck, keys, wallet, $780 in cash, Apple watch, gold earrings, and shoes. *Id.*

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987);

3

*In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Publicly available Arkansas court records[2] establish that Gardner has been charged with kidnapping, attempted rape, and aggravated assault. *State v. Gardner,* 72CR-24-926.[3] The criminal information indicates the crimes occurred on or about April 14, 2024, in Washington County, Arkansas.

The docket sheet indicates Gardner is represented by a public defender. Gardner was arraigned on May 20, 2024. His next court appearance will be for a status hearing on August 27, 2024, at 1:30 pm.

---

[2] The Court may take judicial notice of public records. *See e.g., Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005).

[3] Arkansas Case Information. https://caseinfo.arcourts.gov/opad/case/72CR-24-926 (last visited July 29, 2024).

### A. Claims against Defendant Doe

Based on the allegations of the Amended Complaint, Defendant Doe is a private individual the alleged crime victim. A § 1983 complaint must allege that each defendant, *acting under the color of state law*, deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). A victim does not act under color of law when reporting an alleged crime to police. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001) ("[A] private party's mere invocation of state legal procedures does not constitute state action.") (citations omitted); *Moldowan v. City of Warren,* 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trail does not expose a private individual to liability for actions taken 'under color of law.'") (citation omitted). Accordingly, Gardner has failed to state a plausible claim under against Defendant Doe.

### B. Claims of Wrongful Arrest and False Charges

Gardner contends he was wrongfully arrested on false charges arising out of the events of April 14, 2024. Gardner alleges he was arrested on some unspecified date pursuant to a warrant. An arrest warrant allows "a neutral judicial officer to assess whether the police have probable cause to make an arrest or conduct a search." *Steagald v. United States,* 451 U.S. 204, 212 (1983) (citation omitted). Probable cause is not undermined "if the person arrested is later found innocent." *Joseph v. Allen,* 712 F.3d 1222, 1226 (8th Cir. 2013).

The Amended Complaint does not challenge the validity of the arrest warrant. Furthermore, the criminal charges against Gardner are currently pending in the Washington County Circuit Court.

5

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)).  "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

In this case, all three questions are answered affirmatively.  There is an ongoing state criminal case involving the events of April 14, 2024.  Arkansas clearly has an important interest in enforcing its criminal laws—particularly those involving crimes against persons.  Additionally, there are important interests in allowing the state to administer its own judicial system.  Gardner has not identified any barrier to his ability to raise his constitutional challenges in state court. Gardner's federal claims are intertwined with his state criminal case.  Abstention is appropriate on Fourth Amendment claims of wrongful arrest based on false charges.

In cases where damages are sought, the Eighth Circuit, following applicable Supreme Court precedent, has emphasized that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal.  *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted

them to dismiss the action altogether.

*Id.* at 730.

## IV.  CONCLUSION

Accordingly, it is recommended that:

- All claims against Defendant Doe be dismissed for failure to state a plausible claim. Defendant Doe should be terminated as a Defendant.

- The wrongful arrest on false charges claims against Defendant Bailey be **STAYED and ADMINISTRATIVELY TERMINATED** pending the resolution of Gardner's state criminal case. Gardner will have thirty (30) days after the final resolution of his pending criminal case to file a Motion to Reopen this case. Upon notice filed by Defendant Bailey, the failure of Gardner to file the Motion by the deadline will result in the summary dismissal of this case.

**Status of Referral:  The referral will terminate upon the filing of this Report and Recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 29th day of July 2024.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

7